## STATE v. R. M. CAUDLE.

(Filed 15 June, 1931.)

Criminal Law L e—In this case held: error, if any, in exclusion of testimony was harmless and a new trial will not be awarded.

Defendant's motion for a new trial on appeal in a criminal action must be based on injustice arising from error on the trial, and his motion therefor will be denied when it appears that the granting of a new trial would carry no prospect of ultimate benefit to the defendant, and where on the trial of a clerk of a municipal court for embezzlement, the trial court excludes testimony of the auditor, who had audited the accounts, as to transactions not included in the counts in the indictment, tending to show that the clerk had turned over money for which no record of fines, etc., could be found, and it appears that evidence of the same substance was fully brought out on cross-examination, error, if any in the exclusion of the testimony will not be held prejudicial, and a new trial will not be awarded therefor.

APPEAL by defendant from *Devin, J.,* at December Term, 1930, of GUILFORD.

Criminal prosecution tried upon indictment charging the defendant, clerk of the municipal court of High Point, in thirty-eight counts, with embezzlement. Only twelve counts were submitted to the jury. There was a general verdict of guilty, and judgment of imprisonment in the State's prison for a period of not less than one nor more than five years.

The defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*L. B. Williams, Roberson, Haworth & Reese and Auslin & Turner for defendant.*

STACY, C. J. The only exception of prima facie substance, appearing on the record, is the one addressed to the refusal of the court to allow

Russell A. Barnhart to state that in auditing the records of the court, he found two or three cases where the defendant was credited with having paid funds to the county treasurer, when the docket failed to show that a fine had been imposed, or, if imposed, it was later remitted by the judge. It is conceded that these cases were not related to any of the counts set out in the charges against the defendant.

The manner and method, pursued by the auditor in examining the records, was so thoroughly covered in the cross-examination that we are convinced the exclusion of the above testimony, if erroneous, could have had no appreciable effect upon the verdict. It is not likely that a different result would have ensued had the evidence been admitted. *S. v. Beal,* 199 N. C., 278, 154 S. E., 604. The defendant received full benefit, if such it were, of much evidence tending to show carelessness in keeping the records of his office. The evidence excluded was of the same sort, and, therefore, only cumulative in character.

The error, if error at all, is not sufficient to overturn the verdict. *In re Ross,* 182 N. C., 477, 109 S. E., 365; *S. v. Heavener,* 168 N. C., 156, 83 S. E., 732.

The foundation for the application of a new trial is the allegation of injustice arising from error, but for which a different result would probably have followed, and the motion is for relief upon this ground. A reversal of the present judgment would carry with it no prospect of ultimate benefit to the defendant. *Brewer v. Ring and Valk,* 177 N. C., 476, 99 S. E., 358. The verdict and judgment, therefore, will be upheld.

No error.